IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-26-FL

| | |
|---|---|
| SELENA KIMBERLY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MARY ANN LEON and SHEETZ ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

This matter is before the clerk on the pro se plaintiff's motion for entry of default [DE-31] against defendant Sheetz Corporation. The motion is DENIED without prejudice.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff correctly states that defendant Sheetz Corporation has failed to file an answer or otherwise appear in this action in this court. The plaintiff has not, however, shown by affidavit or otherwise that defendant Sheetz Corporation was properly served. Without being properly served, a defendant has no obligation to file an answer or appear in this action. See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."); Henderson v. Los Angeles Cnty., No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must

show, by affidavit or otherwise, that proper service of process has been effected before default may be entered"); see also Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff in this case has not filed an affidavit, but she has filed a copy of a signed green card, with delivery addressed to "Sheetz Corporation, 700 6th Avenue, Altoona, PA 16602." See Proof of Service [DE-21].  Proper service may be effected under Rule 4(h) by delivering a copy of the summons and of the complaint, to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or service is made.  Fed. R. Civ. P. 4(h)(1).  North Carolina law provides for service by certified or registered mail, return receipt requested; Pennsylvania law does not.  See N.C. Gen. Stat. § 1A-1, Rule 4(j)(6); Pa. R. Civ. P. 424; see also Sampath v. Concurrent Techs. Corp, 227 F.R.D. 399, 402 (W.D. Pa. 2005) ("Proper service cannot be effected through the postal system, including certified mail.").  But North Carolina law requires, however, that mail be addressed to certain persons to effect proper service.  See. N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(d) (providing that service by certified mail is effective if "addressed to the officer, director, or managing agent" or "an agent authorized by appointment of law to be served and to accept service of process"); Choice Hotels Int'l v. Amcee Enter., Inc., No. 5:13-CV-200-F, 2014 WL 3778932, at *2 (E.D.N.C. July 31, 2014) (determining that the plaintiff had failed to show proper service on a corporation where the summons and complaint were directed solely to the corporate defendant, without specifying any officer, director, or agent of the corporation).

On this record, the clerk cannot find that plaintiff effected proper service on Sheetz Corporation.  Without being properly served, this defendant has no obligation to appear or answer in this action.  Accordingly, the motion for entry of default [DE-31] is DENIED.

2

The time for effecting service on this defendant has expired. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.") Accordingly, plaintiff is DIRECTED to file, within fourteen days of the filing date of this order, a motion to extend time the time to serve the summons and complaint under Rule 4(m). The motion must show good cause for her failure to serve Sheetz Corporation. **Plaintiff is notified that the failure to file such a motion may result in the court's dismissal without prejudice of her claims against the Sheetz Corporation.**

SO ORDERED. This the  25  day of August, 2020.

Peter A. Moore, Jr.
Clerk of Court