IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:20-CV-26-FL

| | | |
|---|---|---|
| SELENA KIMBERLY SMITH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| MARY ANN LEON and SHEETZ CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on defendant Mary Ann Leon's ("Leon") motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (DE 28). Also before the court is plaintiff's motion for default judgment regarding defendant Sheetz Corporation ("Sheetz"). (DE 36). The motion to dismiss has been briefed fully, and in this posture, the issues raised are ripe for ruling. For the following reasons, defendant Leon's motion is granted and plaintiff's motion is denied.

### STATEMENT OF THE CASE

Plaintiff, proceeding pro se, commenced this action by filing motion to proceed in forma pauperis ("IFP") on February 14, 2020. Following recommendation by magistrate judge to deny plaintiff's IFP motion, the court directed plaintiff to pay the filing fee and consolidated the instant action with case No. 2:20-CV-27-FL. Plaintiff paid the filing fee, and on May 8, 2020, the court directed the clerk to file the complaint and proposed summonses attached to plaintiff's IFP motion.

In her complaint, plaintiff asserts claims of "fraudulent misrepresentation," "conflict of interest," "legal malpractice," and "negligence," arising out of alleged representation by defendant Mary Ann Leon ("Leon") of plaintiff in an agreement to settle an unspecified dispute with defendant Sheetz (the "dispute"). (Compl. (DE 16) at 2). Plaintiff seeks rescission of the settlement agreement with defendant Sheetz and $850,000 in damages.

Defendant Leon filed the instant motion to dismiss on July 15, 2020, arguing that plaintiff's claims against her should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff responded on July 29, 2020, and defendant Leon replied in support of her motion on August 5, 2020.

In the meantime, on July 17, 2020, plaintiff moved for entry of default against defendant Sheetz. The clerk denied the motion for entry of default on August 25, 2020, and directed plaintiff to file within 14 days thereof a motion for an extension of time to serve defendant Sheetz, and to show good cause for plaintiff's failure to serve defendant Sheetz, pursuant to Federal Rule of Civil Procedure 4(m). In addition, the order warned plaintiff that failure so to do within the time provided may result in dismissal without prejudice of her claims against defendant Sheetz. On August 31, 2020, plaintiff filed the instant motion for default judgment against defendant Sheetz.

## STATEMENT OF FACTS

The facts in alleged in the complaint may be summarized as follows. Defendant Leon represented plaintiff in an unspecified dispute against defendant Sheetz in 2017 (the "dispute"). (Compl. (DE 16) at 2-3). Plaintiff entered into a settlement agreement with defendant Sheetz, resolving the dispute. (Id.). Now, plaintiff alleges that defendant Leon should not have represented in her in the dispute because she had a conflict of interest. (Id.). In particular, defendant Leon allegedly had been friends with defendant Sheetz's attorney in the underlying dispute, Jerry

2

Walters ("Walters"), since 2016 or earlier. (Id. at 3). Defendant Leon also allegedly had served "in the same committee" with Walters. (Id. at 2). As a result, plaintiff alleges defendant Leon did not take her case seriously, and that "she was not working for [plaintiff] but against [plaintiff] to sign the settlement agreement." (Id. at 2).

## COURT'S DISCUSSION

A. Defendant Leon's Motion to Dismiss

1. Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[ ] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level."

Twombly, 550 U.S. at 555.  In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

    2.    Analysis

Subject matter jurisdiction is a threshold issue that must be determined first because "[w]ithout jurisdiction the court cannot proceed at all in any cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (citations omitted). "[F]ederal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." Strawn v. AT & T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008). Accordingly, a plaintiff may file a case in federal district court only if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" jurisdiction under 28 U.S.C. § 1332(a). Where plaintiff's complaint raises no federal questions, (see Compl. (DE 16) at 2-3), the court must determine if it has jurisdiction based on diversity of citizenship.

To invoke diversity jurisdiction, the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs, and be between citizens of different States. See 28 U.S.C. § 1332. It is well settled that diversity of citizenship between the parties must be complete. See, e.g., Strawbridge v. Curtiss, 7 U.S. 267, 267–68 (1806); Slavchev v. Royal Caribbean Cruises, Ltd., 559 F.3d 251, 254– 55 (4th Cir. 2009). Here, plaintiff and defendant Leon are citizens of North Carolina, (see Compl. (DE 16) at 1-2), destroying complete diversity.

4

Case 4:20-cv-00026-FL   Document 37   Filed 09/15/20   Page 4 of 5

Accordingly, the court dismisses plaintiff's claims against defendant Leon without prejudice for lack of subject matter jurisdiction.[1]

B.  Defendant Sheetz

As noted above, on August 25, 2020, the clerk directed plaintiff to file within 14 days a motion for an extension of time to serve defendant Sheetz, and to show good cause for plaintiff's failure to serve defendant Sheetz. Plaintiff has not filed a motion for extension of time to serve defendant Sheetz, nor has she shown good cause for her failure to serve defendant Sheetz. Although plaintiff has filed a motion for default judgment, entry of default judgment is premature where service has not been proven against defendant Sheetz. Therefore, plaintiff's motion for default judgment must be denied, and plaintiff's claims against defendant Sheetz must be dismissed without prejudice, pursuant to Rule 4(m).

## CONCLUSION

Based on the foregoing, defendant Leon's motion to dismiss (DE 28) is GRANTED. Plaintiff's claims against defendant Leon are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Plaintiff's motion for default judgment (DE 36) is DENIED. Plaintiff's claims against defendant Sheetz are DISMISSED WITHOUT PREJUDICE for failure to serve, pursuant to Rule 4(m). The clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of September, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] Where the court grants defendant Leon's motion to dismiss for lack of subject matter jurisdiction, the court declines to address defendant Leon's additional argument that plaintiff fails to state a claim against her upon which relief can be granted.